IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERBY TRAVIS NELSON<br><br>　　　　　　　　Plaintiff<br><br>　　VS.<br><br>JOHN CARY BITTICK,[1]<br><br>　　　　　　　　Defendant | NO. 5:08-CV-2 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# O R D E R

Plaintiff ERBY TRAVIS NELSON has filed a MOTION FOR INJUNCTION in which he avers that there might be video evidence that would be pertinent to his case and that such evidence would be in possession of the defendant and/or his employees. Tab #11. It appears that the plaintiff's motion would be better captioned as one seeking a temporary restraining order ("TRO"), and the undersigned will treat it as such. Although defendant JOHN CARY BITTICK has not yet filed an answer, a waiver of service has been filed on his behalf by his counsel, Ms. Frances L. Clay of the Macon Bar.

Because the plaintiff cites a legitimate concern with respect to the potential destruction of evidence, the defendant — through his counsel — is hereby DIRECTED not to destroy and to safeguard any evidence identified by plaintiff in his Motion for Injunction. Defendant is also invited, but is not required, to file a response to plaintiff's request WITHIN TEN (10) DAYS.

Accordingly, the plaintiff's MOTION FOR INJUNCTION is **PARTIALLY GRANTED** to the extent outlined herein.[2]

SO ORDERED, this 11th day of FEBRUARY, 2008.



　　　　　　　　　　　　　　　　　　　　　　　　CLAUDE W. HICKS, JR.
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] The defendant's Waiver of Service indicates that he has been misidentified in the plaintiff's complaint as L. Cary Bittick.

[2] The undersigned is certainly aware that the law generally requires that motions seeking injunctive relief be handled by magistrate judges as recommendations. *See* 28 U.S.C. §636(b)(1)(A). However, the undersigned views the nature of plaintiff's request to be such that prompt action by the court is required.