IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ERBY TRAVIS NELSON,

                    Plaintiff

        VS.

JOHN CARY BITTICK,

                    Defendant

NO.  5:08-CV-2 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Currently before the court is defendant JOHN CARY BITTICK's MOTION FOR SUMMARY JUDGMENT. Tab #34.  This motion is supported by a brief, statement of undisputed material facts, several affidavits, and numerous other exhibits.  Plaintiff ERBY TRAVIS NELSON has been directed to and has filed a response to the defendant's motion.  Tab #36.

### LEGAL STANDARDS

### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

**B.  Delay of Medical Treatment of Prisoners**

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976).  Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment. Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying</u> <u>medical</u> <u>evidence</u> <u>in</u> <u>the</u> <u>record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, Slip Opinion Nos. 92-8854 and 9318, at 781-87 (11th Cir. Dec. 27, 1994) (emphasis added).

**FACTUAL BACKGROUND**

The undisputed material facts are as follows: On April 9, 2007, plaintiff ERBY TRAVIS NELSON, who admittedly was intoxicated, was involved in a dispute at his neighbors' home. During this dispute, plaintiff sustained a gunshot wound to his abdomen.  After being shot, plaintiff left the neighbors' home and drove himself to the Monroe County Hospital.  While *en route* to the hospital, the plaintiff drove his car into a ditch and later onto a curb causing a flat tire.  Once at the hospital,  plaintiff was given an IV and notified that, due to the nature of his injury, he would need to be treated at a hospital in nearby Macon, Georgia.  Hospital personnel then called for an

ambulance to transport him and, because he had been shot, also notified the Monroe County Sheriff's Office.  Soon thereafter, Deputy Allen Henderson arrived at the hospital and began to question the plaintiff about the circumstances of his injury.  Plaintiff inquired about whether he was under arrest, and when he was told that he was not, he removed the IV from his arm and exited the hospital. Henderson also left the hospital at this time to investigate the circumstances surrounding plaintiff's injury.

When the ambulance arrived at the hospital,  plaintiff NELSON was in the parking lot attempting to change the flat tire on his vehicle.  The EMTs asked the plaintiff to submit to medical care and be transported by ambulance to the hospital in Macon.  He refused this request and insisted that he would drive himself to the hospital in Macon.  Following this exchange, deputy Hawkins arrived at the hospital.  Hawkins also tried to convince the plaintiff to get in the ambulance.  Plaintiff again refused. Shortly thereafter, and because the plaintiff repeatedly refused to be transported by ambulance to the hospital in Macon, defendant Sheriff BITTICK was called to the hospital.  Upon his arrival at the hospital, defendant BITTICK was briefed on the situation and saw for himself that the plaintiff was intoxicated.

Defendant BITTICK spoke with the plaintiff and explained that he could either get in the ambulance and be transported to the hospital in Macon or be arrested and taken to jail.  Plaintiff again refused to get in the ambulance.  Consequently, plaintiff was placed in a patrol car and transported to the Monroe County Jail.  Defendant BITTICK had the ambulance standby at the jail in order to transport the plaintiff as soon as he consented to treatment.  Plaintiff NELSON was brought to the jail and placed in a holding cell.  Less than an forty-five (45) minutes later the plaintiff consented to treatment and was immediately transported by ambulance to the Macon hospital. Plaintiff underwent surgery with no complications and was discharged from the hospital on April 16, 2007.

Plaintiff NELSON was subsequently charged and indicted with the offense battery upon his neighbors.  Plaintiff, who was on parole, later pled guilty to a parole violation and, as a result, the battery charges were dead docketed.  The battery charges were later dismissed due to a speedy trial motion.  Plaintiff subsequently filed the instant lawsuit.

## DISCUSSION

In his COMPLAINT, the plaintiff contends that defendant BITTICK violated his constitutional rights by subjecting him to an unconstitutional delay in medical treatment. In his MOTION FOR SUMMARY JUDGMENT, defendant BITTICK denies that he violated the plaintiff's constitutional rights, contends that the plaintiff has failed to state a claim, and argues that his actions not only insured that the plaintiff received prompt and appropriate medical care but also protected the public from the potential consequences of allowing a wounded and admittedly intoxicated man to drive.

As noted above, in order to state a claim for unconstitutional delay in medical treatment, it is necessary for a plaintiff, at the very least, to allege that the delay in medical treatment had a detrimental effect upon his particular medical condition.  In the instant case, the plaintiff has failed to make, much less support, any such allegation.  As such, further analysis of the plaintiff's claim is unnecessary.

Accordingly, and since it appears that the defendant is entitled to judgment as a matter of law, **IT IS RECOMMENDED** that his MOTION FOR SUMMARY JUDGMENT be **GRANTED**.  Also before the court are plaintiff's MOTION TO COMPEL (Tab #25), MOTION FOR SUBPOENAS (Tab #26), and MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY (Tab #28).   After carefully reviewing the motions, and in view of the above recommendation, these motions are **DENIED** as moot.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the within RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED, this 6th day of FEBRUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE